UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| AMAL KHALIL, | No. CV 17-306 FFM |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION** |
| v. | |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | |
| Defendant | |

Plaintiff Amal Khalil brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("SSA"), which denied her April 2, 2014 application for a period of disability and Disability Insurance benefits (the "Application") pursuant to Title II of the Social Security Act (the "Act"). (Administrative Record ("AR") 129-132.) The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the United States Magistrate Judge. Pursuant to the Case Management Order filed on March 24, 2017, the
///

parties filed a Joint Stipulation ("JS") detailing their respective arguments and authorities. (Dkt. 20.)

The Court has reviewed the parties' Joint Stipulation and the record in this matter. For the reasons discussed below, the decision of the Commissioner challenged in this action is affirmed.

## I.   PROCEDURAL HISTORY

Plaintiff protectively filed her Application on April 2, 2014, which the Administration denied by initial determination. (AR 59-70, 129-132.) The matter was heard before an Administrative Law Judge ("ALJ") on August 27, 2015. (AR 45-58.) The ALJ issued a decision denying Plaintiff's claim on October 14, 2015. (AR 28-41.) In the decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity since her disability onset date, January 3, 2012. (AR 33, 129-132.) The ALJ further found that Plaintiff suffered the following impairments:

1. Obesity;
2. Chronic Fatigue Syndrome;
3. Lumbar and Cervical Strain/Sprain;
4. Fatty Liver; and,
5. Depressive Disorder.

(AR 33.) However, the ALJ ultimately determined Plaintiff's impairments do not meet one or more conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 34.)

The ALJ determined that Plaintiff still has the residual functional capacity ("RFC") to perform light exertional work, but in so determining, articulated several exceptions. (AR 35.) In the decision, the ALJ found that Plaintiff is no longer capable of performing past relevant work as an art director and still photographer. (AR 40.) The ALJ further concluded that Plaintiff is not disabled under the Act. (AR 41.)

On December 22, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, thus, it stands as the Commissioner's final decision. (AR 1-8.)

## II. ISSUE IN DISPUTE

The sole issue in dispute is whether the vocational expert deviated from the Dictionary of Occupational Titles ("DOT") without reasonable explanation. (JS 4.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

/ / /
/ / /

## VI. DISCUSSION

At step five, the ALJ must establish that the claimant is capable of performing jobs in the economy. 20 C.F.R. §§ 404.1520(f)-(g), 404.1560(c); *see Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). There are two ways for the Commissioner to meet her burden at step five: (1) by reference to the Medical-Vocational Guidelines contained in 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids"); or (2) through the testimony of a vocational expert as to other work in the economy that the claimant can perform. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999)).

The ALJ is required to seek the testimony of a vocational expert when a non-exertional limitation[1] is "sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitation." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (internal quotation marks omitted).

The DOT lists jobs along with a description of the physical, mental, and experience requirements of each job. The DOT's listings are presumptively authoritative. *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001). If the VE's testimony regarding job requirements differs from the DOT, the VE must provide a persuasive rationale supported by evidence justifying the discrepancy. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir.1997).

Here, the ALJ determined that Plaintiff could not perform her past work, but could perform other nationally-available work. (AR 35.) The ALJ posed hypotheticals to the testifying VE at the hearing. (AR 45-58.) The first

---

[1] Non-exertional limitations include, e.g., limitations on seizing, holding, grasping, or turning an object; bending, stooping, and crouching; vision and speech limitations; environmental restrictions (such as restrictions on exposure to noise or breathing irritants); and mental restrictions. Social Security Ruling 85-15, 1985 WL 56857 (S.S.A.), *3.

4

hypothetical included exertional limitations identical to the RFC, *supra* ("Hypothetical One"). (AR 54-57.) In response to Hypothetical One, the VE testified that an individual with the profile of Plaintiff's RFC could perform the work of a storage facility rental clerk[2] and a cleaner (housekeeping).[3] (AR 55.)

An ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]." *Massachi,* 486 F.3d at 1152. Here, the ALJ did ask the VE if his testimony has been "consistent with the Dictionary of Occupational Titles and its companion publications." (AR 57.) The VE responed, "It has been, Your Honor." (*Id.*)

Plaintiff contends it was improper for the ALJ to rely on the VE's testimony that being a storage facility rental clerk would require performing "simple tasks," because the DOT rates such work as requiring reasoning level 3.[4] (JS 6, AR 57.) Plaintiff further contends that the VE's testimony "conflicts with the DOT and that the VE did not provide a reasonable explanation." (JS 5-7, citing *Zavalin v. Colvin,* 778 F.3d 842, 846-8 (9th Cir. 2015).) Defendant contends that, even if reasoning level 3 does conflict with simple, repetitive work,

///
///
///

---

[2] DOT 295.367-026
[3] DOT 323.687-014
[4] The DOT indicates that there are six levels of reasoning development. *Meissl v. Barnhart*, 403 F.Supp.2d 981, 983 (C.D.Cal.2005). Level 3 provides that the claimant will be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." (DOT 237.367–014.)

5

then the ALJ's failure to resolve the conflict amounts to harmless error.[5] (JS 9, citing *Zavalin,* 778 F.3d 842; *Massachi v. Astrue,* 486 F.3d 1149 (9th Cir. 2007); and, *Molina v. Astrue,* 674 F.3d 1104 (9th Cir. 2012).

Here, the Court finds that, to the extent the ALJ may have erred in failing to inquire into the apparent inconsistency between the requirements for the occupation listed in the DOT with Plaintiff's RFC, that error was harmless. The VE identified another occupation, cleaner, housekeeping, that exists in significant numbers in the national economy (464,000 jobs) that Plaintiff could perform. (AR 55.) The identification of a single occupation is ordinarily sufficient to satisfy the Commissioner's burden at step five. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1043-44 (9th Cir. 2008).

Plaintiff contends that working as a housekeeper "leads to one reasonable conclusion—patrons will complain and [Plaintiff] would have to take such complaints"; a scenario that would be inconsistent with her RFC. (JS 5-7, AR 55-56.) Plaintiff cites no authority for the proposition that working as a housekeeper conflicts with the restriction that she not perform stressful jobs, such as taking complaints. (*See* JS 7.) Instead, Plaintiff urges the Court to adopt the notion that "common experience dictates that when one is a guest at a hotel, restaurant, club, or beauty parlor … complaining to the person cleaning usually will get the management involved and [the] issue resolved." (JS 7.)

However, anecdotal evidence, dramatizations, and "common experience" are not binding authority. Absent authority, Plaintiff's argument, that *all* housekeeping activities are inherently stressful, imposes on the ALJ's province

---

[5] Harmless error is "inconsequential to the ultimate nondisability determination". *Stout v. Commissioner of the Social Security Administration,* 454 F.3d 1050, 1054 (9th Cir. 2006) ("We recognize harmless error applies in the Social Security context … [and a] decision of the ALJ will not be reversed for errors that are harmless." (internal citations omitted).

6

and on the VE's province. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005).

Accordingly, the Plaintiff's argument is without merit.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 4, 2018

    /s/ Frederick F. Mumm
HON. FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE